UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RODNEY HOPKINS,

    Plaintiff,

v.                                                           Case No. 10-C-291

JOHN HUSZ,

    Defendant.

**ORDER**

Rodney Hopkins, a pro se Wisconsin inmate, brought this § 1983 action against John Husz, the warden of the Milwaukee Secure Detention Facility (MSDF). The matter before the Court is the defendant's motion for summary judgment for failure to exhaust administrative remedies. For reasons given below, the motion will be granted.

Summary judgment is appropriate when "there is no genuine issue of material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In this case, the Defendants' motion for summary judgment asserts an affirmative defense – Hopkins' failure to exhaust his administrative remedies. *See Jones v. Bock,* 549 U.S. 199 at 216 (2007) (concluding that failure to exhaust is an affirmative defense). Exhaustion is a requirement imposed by the Prison Litigation Reform Act of 1995. In a nutshell, it means that a prisoner plaintiff must give state authorities a first crack at resolving problems before the inmate can make a federal case out of the matter. 42 U.S.C. § 1997e(a). Furthermore, this requirement "applies to all inmate suits about prison life." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

In Wisconsin, the Inmate Complaint Review System (ICRS) is the administrative remedy available to inmates with complaints about prison conditions. Wis. Admin. Code § 310.01(2). Under the ICRS, prisoners must file an inmate complaint within fourteen days of the event or problem in question. § 310.09(6). The appropriate reviewing authority then makes a decision within ten workings days. § 310.12(1). If an inmate is dissatisfied with the reviewing authorities decision, they have ten days to file an appeal by filing a request for review with the corrections complaint examiner (CCE). § 310.13(1). Upon good cause, the CCE may accept appeals filed later than ten days after receipt of the decision. § 310.13(2).

In this case, Hopkins filed a complaint on January 22, 2008 because he was not receiving necessary medication. (Dkt. # 21-2 at 1.) For some reason, the complaint was not acknowledged until February 13, 2008 and rejected as untimely. (*Id.* at 3.) Because there is no indication that Hopkins made any effort to appeal this decision, he failed to exhaust his administrative remedies. *See Pavey v. Conley,* 544 F.3d 739 (2008) (when "the failure to exhaust was the prisoner's fault, [] the case is over"). Hopkins argues that his admission to the hospital on February 17, 2008 prevented him from filing an appeal. (Dkt. # 23 at 1, ¶4.) However, the ICRS allows late appeals for good cause. In not petitioning the appropriate authority to allow a late appeal, Hopkins failed to avail himself of the procedures the state made available to him.

It is not for this Court to determine what kinds of complaints the state should allow to be filed tardy. If it was, the state's time limit could simply be ignored and an inmate could come straight to federal court. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) (prisoner must file complaints and appeals "in the place, and time, the prison's administrative rules require"). That is not what the PLRA provides:

> Because the purpose of the exhaustion requirement is to allow prison officials the opportunity to address minor procedural problems in the first instance, we have held that a prisoner fails to exhaust his remedies if he does not take advantage of a procedure for reconsidering untimely filings.

*Cannon v. Washington*, 418 F.3d 714, 718-719 (7th Cir. 2005).

Accordingly, because Plaintiff failed to exhaust any claims related to the inmate complaint filed on January 22, 2008, the Defendant's motion for summary judgment is **GRANTED** and the case is **DISMISSED**.

Dated this __20th__ day of June, 2011.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge